**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH E. HOOTEN,

     Plaintiff,

v.                                                    CIV. No. 11-743 LH/GBW

IKARD SERVI GAS d/b/a
Heritage Propane, and ALLEN DIXION

     Defendants.

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

THIS MATTER comes before the Court on "Plaintiff's Corrected Opposed

Motion to Leave to File Plaintiff's Amended Complaint."  *Doc. 26.*  The Court finds that

Plaintiff has failed to satisfy the good cause standard under Rule 16, and will therefore

deny the motion.

*Background*

Plaintiff filed his complaint on August 20, 2011.  *Doc. 1.*  Subsequently, Plaintiff

filed documents styled as first, second, third, and fourth amended complaints.  *Docs. 3-*

*6.*  The Court held a Rule 16 conference on April 4, 2012.  *Doc. 18.*  At the Rule 16

conference, the Court instructed Plaintiff that any further amended complaints should

be filed with a motion for leave.  *Doc. 18* at 2.  Following the Rule 16 conference, the

Court issued an order setting pretrial deadlines and adopting the parties' joint status

report.  *Doc. 21.*  In that order, the Court stated, "The deadline for Plaintiff to amend

pleadings is **April 22, 2012**."[1]  *Id.* at 1 (emphasis in original).

Plaintiff filed a motion for leave to file a fifth amended complaint on April 23,

2012, the day after the deadline to do so.  *Doc. 24.*  Plaintiff's motion contained no facts

or argument as to the good cause for failing to file the motion in a timely fashion.

Moreover, Plaintiff's motion violated the local rules by failing to recite a good-faith

request for opposing counsel to concur in the motion.[2]  *Id.*  For that reason, the motion

was summarily denied.  *Doc. 25.*

Despite having already filed his first motion for leave to amend late, Plaintiff did

not file a second motion for leave to amend until May 4, 2012 – 9 days after the filing of

the Court's order denying the first motion and 12 days after the Court's deadline.  *Doc.*

*26.*  Again, Plaintiff's motion failed to comply with the local rule requiring a recitation

of a good-faith request for concurrence.  Defendants filed their response on May 10,

2012.  *Doc. 27.*  Plaintiff's reply would have been due on May 29, 2012, but none was

filed.  Therefore, briefing is complete.

---

[1] The Court recognizes that April 22, 2012, fell on a Sunday.  However, this date was expressly set by the
Court after Plaintiff requested an additional two calendar days from the date originally proposed by the
parties in the Joint Status Report.  *See doc. 16* (asking that Plaintiff be permitted "until April 20, 2012 to
move to amend the pleadings").  The electronic docket was available for electronic filing on April 22, 2012
and, when Plaintiff filed the motion the next day, it was done electronically.  Under these circumstances,
the deadline for filing of Plaintiff's motion was April 22, 2012 despite the fact that it was a Sunday.  *See*
*Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016-20 (6th Cir. 2005) (Rule 6(a) does not apply to extend a date-
certain, set by the court, which expired on a Saturday of a long, federal holiday weekend).
[2] "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-
faith request for concurrence may be summarily denied."  D.N.M.LR-Civ. 7.1(a).

<u>*Legal Standards*</u>

Under Rule 15, "a party may amend its pleading *once* as a matter of course" under two specified circumstances.  Fed. R. Civ. P. 15(1) (emphasis added).  A party may do so "21 days after serving" the pleading.  *Id.* 15(a)(1)(A).  Additionally, a party may do so, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  *Id.* 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave where justice so requires."  *Id.* 15(a)(2).

Under Rule 16, however, the Court "must issue a scheduling order[.]"  *Id.* 16(b)(1).  "The scheduling order must limit the time to . . . amend pleadings . . . ."  *Id.* 16(b)(3)(A).  "A schedule may be modified only for good cause and with a judge's consent."  *Id.* 16(b)(d).

> When a party files a motion to amend after the scheduling order's deadline for amending has passed, the court must undertake a two-step analysis: (i) "'[the] movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b)'"; and (ii) "'[i]f the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).'"

*Chaara v. Intel Corp.*, No. CIV 05-278 JB/RLP, 2006 WL 4079030 at *4 (D.N.M. May 31, 2006).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the

> bad faith of the movant, or the prejudice to the opposing party.  Rather, it
> focuses on the diligence of the party seeking leave to modify the
> scheduling order to permit the proposed amendment.   Properly
> construed, "good cause" means that scheduling deadlines cannot be met
> despite a party's diligent efforts.   In other words, this court may "modify
> the schedule on a showing of good cause if [the deadline] cannot be met
> despite the diligence of the party seeking the extension."   Carelessness is
> not compatible with a finding of diligence and offers no reason for a grant
> of relief.

*Id.* (internal citations omitted, brackets in original) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp 959, 980 (D.S.C. 1997)); *see also Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2006) ("'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'") (quoting *Bradford v. DANA Corp.*, 239 F.3d 807, 809 (8th Cir. 2001).

<u>Analysis</u>

Under Rule 15, a plaintiff may file only one amended complaint as of right.  As Plaintiff had previously filed several amended complaints, Plaintiff cannot file the currently proposed amended complaint as of right.[3]  Furthermore, Plaintiff filed the present motion after the April 22 deadline set forth in the Court's order had passed. Rule 16, therefore, requires Plaintiff to show "good cause" for his failure to meet the amendment deadline established by the Court.  To show "good cause" Plaintiff must

---

[3] In his motion, Plaintiff points out that the second, third and fourth amended complaints were filed "for the sole purpose of correcting the registered agent information." *Doc. 26* at 2.  Even if these amended complaints were not "real" amended complaints such that they did not use up the one amendment as of right under Rule 15, the proposed fifth amended complaint is well beyond the time limit for an amendment as of right under Rule 15.

explain why he could not have timely filed the amended complaint despite his diligence.

Plaintiff argues only that "[t]here are no new substantial changes" in the amended complaint, that in certain places it "only ma[kes] minor clarifications" as to certain claims, and that granting the motion would not prejudice Defendants." *Doc. 26* at 4. These explanations are relevant to obtaining court permission under Rule 15, but they do not address the question of whether good cause exists. On its own review, the Court finds no such good cause. Plaintiff seeks to add facts which it would appear he should have known when the original complaint was filed. Plaintiff seeks to add new causes of action which have been available since the beginning of his lawsuit. His first motion for leave to amend was filed late and, even if it had been filed before the deadline, it was subject to summary denial for violating the local rules.

Because Plaintiff has failed to establish good cause for modifying the Court's deadline for filing of an amended complaint, Plaintiff's motion will be denied.

Wherefore, **IT IS HEREBY ORDERED** that "Plaintiff's Corrected Opposed Motion to Leave to File Plaintiff's Amended Complaint" (*doc. 26*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE