IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. HOOTEN,

    Plaintiff,

v.                                CIV. No. 11-743 LH/GBW

IKARD SERVI GAS d/b/a
Heritage Propane, and ALLEN DIXION

    Defendants.

## ORDER FOR SUPPLEMENTAL BRIEFING

This matter comes before the Court upon a review of the record. Based upon that review, the Court must question its jurisdiction over the case.

Plaintiff filed his complaint in this action on August 20, 2011. Plaintiff filed documents styled as first, second, third and fourth amended complaints on August 29, September 4, September 28, and September 29, 2011 respectively. *Docs. 3-6*. On January 11, 2012, Defendants filed its "Answer to Plaintiff's Fourth Amended Complaint." *Doc. 11*. Defendants assert that they were never served with Plaintiff's first, second, or third amended complaints. *Doc. 27* ¶¶ 1-2. The Court presumes that the fourth amended complaint is the operative complaint because: (1) it was the only complaint served on Defendants and answered by them, and (2) "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citations and quotations omitted).

Plaintiff's fourth amended complaint contains a section entitled "Jurisdiction and Venue[.]" *Doc. 6* ¶ 4. This section states, in its entirety that, "The acts and omissions complained about occurred in Grant County, New Mexico, and therefore, venue is proper in this court." *Id.* The fourth amended complaint does not further articulate any basis for this Court's jurisdiction. In response to Plaintiff's assertion of jurisdiction and venue, Defendants' answer states only that "Defendants admit the allegations contained in Paragraph 4 of the Complaint." *Doc. 11* ¶ 4.

Plaintiff's fourth amended complaint lays out his factual allegations and then states that "[t]he aforementioned acts of Defendants constitute unlawful discrimination against Plaintiff because of his age and disability in violation of New Mexico Human Rights Act and more particularly *NMSA 1978, § 28-1-7A (2004)*." *Doc. 6* ¶¶ 5-13. The fourth amended complaint cites to no other statutory authority for his claims.[1] Next, Plaintiff asserts claims "for Negligent Training/Supervision" which "are independent of the acts that give rise to Plaintiff's claims for discrimination." *Doc. 6* at 3-4. The fourth amended complaint identifies no other claims.

Consequently, the fourth amended complaint appears to lack any claim based upon federal law. Therefore, no federal question jurisdiction would exist.

---

[1] The Court recognizes that the "preamble" to the complaint states that Plaintiff "alleges age and disability discrimination in violation of Title VII and state law and negligent training and supervision…." *Doc. 6* at 1. However, this fleeting and incomplete reference to a federal statute hardly seems to rise to the level of making a federal claim especially when viewed in the context of the entire complaint.

2

Plaintiff cannot establish diversity jurisdiction if, as it appears from the fourth amended complaint, that both Plaintiff and Defendant Dixion are citizens of New Mexico.  *See Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546 (2005) (to satisfy diversity jurisdiction, all plaintiffs must have citizenship different from that of all defendants).  Moreover, the fourth amended complaint does not specify the amount in controversy as would be required for diversity jurisdiction.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.").

Even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*."  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (citations and quotations omitted).  The Court will therefore order the parties to brief the issue of whether this case should be dismissed for lack of jurisdiction.

Wherefore, **IT IS HEREBY ORDERED** that the parties brief whether this Court has jurisdiction;

**IT IS FURTHER ORDERED** that Plaintiff shall file his brief no later than fourteen (14) days from the entry of this order, and Defendants shall file their response brief no later than fourteen (14) days following the filing of Plaintiff's brief.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE