IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. HOOTEN,

    Plaintiff,

v.    CIV. No. 11-743 LH/GBW

IKARD SERVI GAS d/b/a
Heritage Propane, and ALLEN DIXION

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on a review of the record and of the parties' briefings, pursuant to a *sua sponte* order of the Court filed on June 18, 2012, on the issue of whether this Court has jurisdiction over the case.  *Docs. 36*, *37*, *38.*  I recommend that the Court dismiss the case without prejudice for want of jurisdiction.

## Background

Plaintiff commenced his action on August 20, 2011.  *Doc. 1.*  This initial complaint was not served on Defendants.  Between August 29, 2011 and September 28, 2011, Plaintiff filed a first Amended Complaint, a Second Amended Complaint, and a Third Amended Complaint.  *Docs. 3-5.*  None of these amended complaints were served on Defendants.  On September 29, 2011, Plaintiff filed a Fourth Amended Complaint.  *Doc.*

*6.* This complaint was served on Defendants who filed an answer on January 11, 2012. *Doc. 11*.

Because the Fourth Amended Complaint was the only complaint served on Defendants, the Court has construed it as the operative complaint.[1] *Doc. 36* at 1. The Court ordered supplemental briefing as to whether the Fourth Amended Complaint properly pled federal subject matter jurisdiction. Plaintiff filed his response to the Court's order on July 2, 2012, (*doc. 38*) and Defendants filed their response on July 10, 2012 (*doc. 43*).

## Analysis

### *Legal Standards*

In order to establish subject matter jurisdiction, a plaintiff must plead either (1) an issue of federal law or (2) plead both diversity between the parties to the action and an amount in dispute over $75,000. *See* 28 U.S.C.A. §§ 1331, 1332. A court must dismiss any action over which it does not have subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court may raise the issue of jurisdiction *sua sponte*. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (citations and quotations omitted). "Since federal courts are courts of limited jurisdiction, there is a presumption against our

---

[1] Neither party disputes that the Fourth Amended Complaint is the operative complaint although Plaintiff argues that the Court should consider the contents of the other complaints to make its jurisdictional determination. Therefore, any argument that an earlier complaint is operative is waived. Furthermore, all prior complaints would be subject to dismissal for failure to effect timely service. *See* Fed. R. Civ. P. 4(m).

jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

### *Plaintiff's Fourth Amended Complaint*

Plaintiff does not argue in his supplemental briefing that there is diversity jurisdiction in this action. *Doc. 38*. Plaintiff argues only that he has properly pled subject matter jurisdiction by raising claims under the Age Discrimination in Employment Act ("AEDA") (29 U.S.C. § 623 *et seq*.) and the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq*.). *See doc. 38*, ¶ 17.

A court has federal question jurisdiction where the plaintiff has both (1) presented a question of federal law on the face of his complaint, *and* (2) his cause of action arises from either a federal law or, if arising from a state law, includes "some substantial, disputed question" of federal law as a "necessary element" of that cause of action. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235-36 (10th Cir. 2003).

Plaintiff's Fourth Amended Complaint contains a section entitled "Jurisdiction and Venue[.]" *Doc. 6*, ¶ 4. This section states, in its entirety that, "The acts and omissions complained about occurred in Grant County, New Mexico, and therefore, venue is proper in this court." *Id*. The fourth amended complaint does not further articulate any basis for this Court's jurisdiction. Plaintiff's Fourth Amended Complaint lays out his factual allegations and then states that "[t]he aforementioned acts of

3

Defendants constitute unlawful discrimination against Plaintiff because of his age and disability in violation of New Mexico Human Rights Act and more particularly NMSA 1978, § 28-1-7A (2004)." *Doc. 6*, ¶¶ 5-13. There are no references in the Fourth Amended Complaint either to the AEDA or the ADA.

Only in the preamble does the Fourth Amended Complaint refer to anything that might be a federal statute. Specifically, it states that Plaintiff alleges "age and disability discrimination in violation of Title VII and state law and negligent supervision against" Defendants. *Id.*, Preamble. Even assuming that the shorthand reference to "Title VII" refers to the Civil Rights Act of 1964, that statute protects against discrimination based on race, color, religion, sex and national origin; not "age and disability discrimination." Plaintiff, in fact, concedes that he brings no claims under Title VII. *See e.g.* d*oc. 38* at 3 n.1; *id.*, ¶17. The passing shorthand reference to an inapplicable federal statute cannot support federal jurisdiction.

While the Fourth Amended Complaint does not present a question of federal law on its face, Plaintiff points to several documents outside the complaint to establish federal jurisdiction. These include: documents related to a filing with the Equal Employment Opportunity Commission (*id.*, Exs. 1 & 2); the civil cover sheet submitted with this case where Plaintiff asserts federal question jurisdiction but gives no basis for it (*id.*, Ex. 3); and copies of earlier amended complaints which were never served on anyone (*id.*, Exs. 4 & 6). Consideration of any of these documents would appear to

violate the directive that jurisdiction be determined by reference "to the face" of the complaint. *See Nicodemus*, 318 F.3d at 1235-36. Nonetheless, Plaintiff relies on *McElmurray v. Consolidated Gov't, Augusta County*, 501 F.3d 1244 (11th Cir. 2007) for the proposition that the Court can refer to evidence outside the pleadings to resolve the question of jurisdiction. This reliance is unavailing. While *McElmurray* holds that the district court has the power to **dismiss** for lack of subject matter jurisdiction on the basis of facts outside the complaint, it does not stand for the converse – that a lack of subject matter jurisdiction can be overcome by reference to materials outside the complaint. *See id*. at 1251. Therefore, the undersigned will not consider the additional materials submitted by Plaintiff for the purposes of determining the existence of federal jurisdiction.

### *Plaintiff's Attempt to Amend*

More evidence that the Fourth Amended Complaint did not include a federal claim is Plaintiff's subsequent attempts to amend it to add such claims. *See docs. 24, 26*. The Court has denied two motions for leave to file a Fifth Amended Complaint. *See docs. 25, 35*. Plaintiff references the first attempt when he explains that he filed the motion for leave to file the Fifth Amended Complaint "in compliance with the scheduling order." *Doc. 38*, ¶ 13. Plaintiff explains that any delay was caused by problems with the electronic docket on the due date. *Id*. This explanation, however, is not relevant to the denial of the first motion for leave because it was not based on

untimeliness. Instead, it was based upon a failure to comply with the local rules. *See doc. 25*. The second motion for leave was denied for untimeliness and for the lack of good cause for the delay, but Plaintiff does not dispute that the second motion for leave was filed well after the applicable deadline. *See doc. 35*. In the supplemental briefing, Plaintiff makes no attempt to establish good cause for the delay in filing the second motion for leave to amend.

## Conclusion

On its face, the operative complaint in the instant case, the Fourth Amended Complaint, fails to either present a question of federal law or to show that his cause of action arises from either a federal law or a state law claim with a substantial issue of federal law as required by *Nicodemus, supra*. As such, I conclude that this Court lacks subject matter jurisdiction under 28 U.S.C.A. § 1331, and recommend dismissing this case. I further recommend that this dismissal be made without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.") (citations and quotations omitted).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

6

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**